NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar Number 13644
JAMES A. BLUM
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
James.Blum@usdoj.gov
Attorneys for the United States

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | 3:19-CV-572-MMD-CLB |
|---|---|
| Plaintiff, | **Settlement Agreement for Entry of Judgment of Forfeiture as to Julie Ann McHugh and Order** |
| v. | |
| $128,320.00 in United States Currency, | |
| Defendant. | |

The United States and Julie Ann McHugh agree as follows:

1. This case is a civil forfeiture action seeking to forfeit $128,320.00 in United States Currency under 21 U.S.C. § 881(a)(6).

2. Julie Ann McHugh knowingly and voluntarily agrees to the civil judicial forfeiture of the $128,320.00 in United States Currency.

3. Julie Ann McHugh knowingly and voluntarily agrees to forfeit the $128,320.00 in United States Currency to the United States.

4. Julie Ann McHugh knowingly and voluntarily agrees to relinquish all right, title, and interest in the $128,320.00 in United States Currency.

5. Julie Ann McHugh knowingly and voluntarily agrees to waive her right to any civil judicial forfeiture proceedings (proceedings) concerning the $128,320.00 in United States Currency.

///

6. Julie Ann McHugh knowingly and voluntarily agrees to waive service of process of any and all documents filed in this action or any proceedings concerning the $128,320.00 in United States Currency arising from the facts and circumstances of this case.

7. Julie Ann McHugh knowingly and voluntarily agrees to waive any further notice to her, her agents, or her attorney regarding the forfeiture and disposition of the $128,320.00 in United States Currency.

8. Julie Ann McHugh knowingly and voluntarily agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the $128,320.00 in United States Currency.

9. Julie Ann McHugh knowingly and voluntarily agrees to withdraw any claims, answers, counterclaims, petitions, or other documents she filed in any proceedings concerning the $128,320.00 in United States Currency.

10. Julie Ann McHugh knowingly and voluntarily agrees to waive the statute of limitations, the CAFRA requirements, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions A, C, E, and G, 18 U.S.C. § 983, the constitutional requirements, and the constitutional due process requirements of any forfeiture proceedings concerning the $128,320.00 in United States Currency.

11. Julie Ann McHugh knowingly and voluntarily agrees to waive her right to a trial on the forfeiture of the $128,320.00 in United States Currency.

12. Julie Ann McHugh knowingly and voluntarily agrees to waive (a) all constitutional, legal, and equitable defenses to, (b) any constitutional or statutory double jeopardy defense or claim concerning, and (c) any claim or defense under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fines or cruel and unusual punishments in any proceedings concerning the $128,320.00 in United States Currency.

13. Julie Ann McHugh knowingly and voluntarily agrees to the entry of a Judgment of Forfeiture of the $128,320.00 in United States Currency to the United States.

/ / /

14. Julie Ann McHugh understands that the forfeiture of the $128,320.00 in United States Currency shall not be treated as satisfaction of any assessment, restitution, fine, cost of imprisonment, or any other penalty that may be imposed on Julie Ann McHugh in addition to forfeiture.

15. Julie Ann McHugh knowingly and voluntarily agrees to the conditions set forth in this Settlement Agreement for Entry of Judgment of Forfeiture as to Julie Ann McHugh and Order (Settlement Agreement).

16. Julie Ann McHugh knowingly and voluntarily agrees to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the Washoe County Sheriff's Office, the Drug Enforcement Administration, the Department of the United States Treasury, their agencies, their agents, and their employees from any claim made by Julie Ann McHugh or any third party arising out of the facts and circumstances of this case.

17. Julie Ann McHugh knowingly and voluntarily releases and forever discharges the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the Washoe County Sheriff's Office, the Drug Enforcement Administration, the Department of the United States Treasury, their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind that Julie Ann McHugh now has or may hereafter have on account of, or in any way growing out of, the seizures and the forfeitures of the property in the civil judicial forfeiture.

18. Each party acknowledges and warrants that its execution of the Settlement Agreement is free and is voluntary.

19. The Settlement Agreement contains the entire agreement between the parties.

20. Except as expressly stated in the Settlement Agreement, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into the Settlement Agreement, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing the Settlement Agreement.

21. The persons signing the Settlement Agreement warrant and represent that they have full authority to execute the Settlement Agreement and to bind the persons and/or entities, on whose behalf they are signing, to the terms of the Settlement Agreement.

22. This Settlement Agreement shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and/or arising from, this Settlement Agreement is the unofficial Northern Division of the United States District Court for the District of Nevada, located in Reno, Nevada.

23. Each party shall bear her or its own attorneys' fees, expenses, costs, and interest.

24. This Settlement Agreement shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Settlement Agreement.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the $128,320.00 in United States Currency.

DATED: 10/10/19
DATED: _____

NICHOLAS A. TRUTANICH
United States Attorney

_Julie A. McHugh_
JULIE ANN MCHUGH

_____
JAMES A. BLUM
Assistant United States Attorney

6

21. The persons signing the Settlement Agreement warrant and represent that they have full authority to execute the Settlement Agreement and to bind the persons and/or entities, on whose behalf they are signing, to the terms of the Settlement Agreement.

22. This Settlement Agreement shall be construed and interpreted according to federal forfeiture law and federal common law.  The jurisdiction and the venue for any dispute related to, and/or arising from, this Settlement Agreement is the unofficial Northern Division of the United States District Court for the District of Nevada, located in Reno, Nevada.

23. Each party shall bear her or its own attorneys' fees, expenses, costs, and interest.

24. This Settlement Agreement shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Settlement Agreement.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the $128,320.00 in United States Currency.

DATED: _____

JULIE ANN MCHUGH

DATED: <u>December 20, 2019</u>

NICHOLAS A. TRUTANICH
United States Attorney

/s/ James A. Blum
JAMES A. BLUM
Assistant United States Attorney

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

DATED: <u>December 23, 2019</u>

4